SHEFFIELD v. EVELETH *et al.*

It was error to charge on the burden of proof on an issue which, while
raised by the complaint, was supported only by evidence which had
been stricken as to all defendants but one, against whom the action was
dismissed.

(Opinion filed Dec. 2, 1903.)

Appeal from circuit court, Meade county. Hon. LEVI
McGEE, Judge.

Action by Samuel G. Sheffield against Frank W. Eveleth,
Albert C. Eveleth, and another. From a judgment for plaint-
iff, defendant Albert C. Eveleth appeals. Reversed.

*M. McMahon* and *Ivan W. Goodner,* for appellant.
*W. A. Stuart,* for respondent.

CORSON, J.    This is an action by the plaintiff to recover of the defendants the value of certain chattel mortgage property alleged to have been converted by the defendants.    Verdict and judgment were for the plaintiff and against Albert C. Eveleth, and he has appealed to this court.    On the trial the action was dismissed as to Frank W. Eveleth and John F. Smith.    The plaintiff's claim was based upon a chattel mortgage executed to him by Frank W. Eveleth on April 5, 1901. The defendant, Albert C Eveleth, claims the property under and by virtue of a chattel mortgage executed on the 26th day of March, 1901, which mortgage was claimed to have been delivered to his attorney and recorded on that day.    This latter mortgage was foreclosed by Albert C. Eveleth, and the property sold by the sheriff to satisfy a note of $350, with interest, executed by the said Frank W. Eveleth to the said Albert C. Eveleth.    The principal ground relied on by the plaintiff on the trial was that the mortgage from Frank W. Eveleth to his brother, Albert C. Eveleth, was never delivered to him, and that his mortgage, therefore, having been duly delivered and recorded, constituted a prior lien upon the property.    The plaintiff, in his complaint made the following allegation: "That immediately after the execution and delivery of the said note, and the filing of said chattel mortgage securing the same; the defendant Frank W. Eveleth, confederating with his brother, Albert C. Eveleth, commenced to secretly dispose of large and valuable portions of said above described property, subject to the plaintiff's said mortgage, and converting the

proceeds of the same to their own use, and in fraud of plaintiff's rights, and without plaintiff's knowledge or consent, the aggregate value of which said property, so surreptitiously sold by said defendant, being to plaintiff unknown," On the trial there was some evidence introduced for the purpose of proving these allegations of the complaint, but upon appellant's motion this evidence was stricken out, with the consent of the counsel for the respondent, except as against the defendant Albert C. Eveleth, for the reason that it did not sustain the allegations of the complaint. Subsequently, as before stated, the action was dismissed by the respondent as to Frank W. Eveleth. At the close of the trial the court charged the jury, among other things, as follows: "In this case the burden of proof is upon the plaintiff to establish to your satisfaction, by a preponderance of the evidence in the case, that the defendant Frank W. Eveleth executed the note and mortgage described in the complaint to the plaintiff, and that thereafter the defendants Frank W. Eveleth and his brother Albert C. Eveleth confederated together, and disposed of large and valuable portions of the property mortgaged by the said Frank W. Eveleth to the plaintiff, without the plaintiff's knowledge or consent, and that the plaintiff's mortgage was the first lien upon the said mortgaged property."

It is contended by the appellant, among other points, that the court erred in its charge to the jury as above set forth in relation to the alleged conspiracy between Frank W. Eveleth and Albert Eveleth, as all the evidence upon that issue was stricken out with the consent of the plaintiff's counsel, except as to Frank W. Eveleth, and that the action as to him was subsequently dismissed, before the close of the trial.

In the view we take of the case, the only question it will be necessary to consider is, did the court err in its instructions to the jury? So far as disclosed by the record, there was no evidence, other than that stricken out, tending to sustain the allegations of the complaint that the defendant Frank W. Eveleth confederated with his brother Albert C. Eveleth to secretely dispose of large and valuable portions of the mortgaged property, and convert the proceeds of the same to their own use, in fraud of the plaintiff's rights, and without plaintiff's knowledge or consent. Yet the court, in its charge, submitted that question to the jury, using substantially the following language: "The burden of proof is upon the plaintiff to establish to your satisfaction, by a preponderance of the evidence in the case, that Frank W. Eveleth and his brother Albert C. Eveleth confederated together and disposed of a large and valuable portion of the property mortgaged by the said Frank W. Eveleth to the plaintiff, without the plaintiff's knowledge or consent." All the evidence as to the disposition of portions of the property having been stricken out, it was clearly error for the court to submit that issue to the jury. A court is not authorized to submit to a jury an issue as to which there is no evidence, and such submission by the court constitutes reversible error. School District v. Bank (Iowa) 27 N. W. 255; Dondero v. Frumveller, 61 Mich. 440, 28 N. W. 72; Whitsett v. Chicago, R. R. (Iowa) 25 N. W. 104. It is true, at the commencement of the trial the allegations in the third paragraph of the complaint were in issue; but as all the evidence under that paragraph was stricken out as to the defendants Albert C. Eveleth and John F. Smith, and the action subsequently dismissed as to Frank W. Eveleth, that issue was eliminated from the case,

and the court should have omitted to refer to this issue in his charge, or have instructed the jury that, there being no evidence supporting that issue, they must find upon that issue in favor of the defendant. It was clearly error, therefore, for the court to submit to the jury this issue, as the statement to them that they were to pass upon the issue as to whether or not Frank W. Eveleth and his brother Albert C. Eveleth confederated together and disposed of large and valuable portions of the property mortgaged by the said Frank W. Eveleth to the plaintiff, without plaintiff's knowledge or consent, was calculated to prejudice their minds, and to cause them to believe that, in the opinion of the court, there was evidence in the case tending to support such a claim on the part of the plaintiff.

For the error of the court, therefore, in his instruction to the jury, the judgment of the court below and order denying a new trial are reversed.